EULA WILLIAMS v. THE STATE.

No. 15703. Delivered March 15, 1933.
Reported in 58 S. W. (2d) 1102.

The opinion states the case.

*Fletcher S. Jones,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, two years in the penitentiary.

There are no bills of exception in the record. The testimony is comparatively short, and the only question is as to its sufficiency. The undertaker who handled the body of deceased testified that he was shot in the back. Appellant as a witness admitted that she did the shooting. The state had introduced an officer who came to the scene shortly after the shooting took place, to whom appellant admitted also that she fired the shot. The claim of appellant, and a friend of hers who was present but said that she did not actually see the shooting, was that the shooting was accidental. Appellant testified that her sister had been cleaning a pistol, and, as she thought, had taken all the shells out of it, but had left one in it. She said after deceased came to the house she picked up the pistol and was playing with it when it accidentally went off and killed him. The dying statement of deceased was in evidence, in which he stated positively that it was not an accident, that he was leaving the place when appellant shot him in the back.

Appellant's chief complaint appears to be that she was not granted a continuance to get the testimony of her sister whom

she averred was out of the state at the time of the trial, and that she did not know how long she would be gone. No bill of exception was taken to the refusal of the continuance. No diligence was shown in an effort to get the testimony of the witness. It appears from her affidavit made after the trial, that she had appeared and had testified for appellant upon an examining trial in the case. Upon this showing and of the further fact that she was out of the state, the testimony of the witness given upon the examining trial could have been repro-duced.

The jury have resolved the conflicting testimony. We find nothing in the record justifying us in doing otherwise than affirming the judgment, and it is so ordered.

*Affirmed.*